UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TAVARES BROWNING | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-575-PPS-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Tavares Browning, a prisoner without a lawyer, seeks habeas corpus relief from a finding by a prison disciplinary hearing officer that he was guilty of engaging in sexual activity in the visitors area in violation of a prison rule. As a result of the finding of guilt, Browning was docked 90 days of good time credit and demoted one-step in credit class. This means he will accrue good time credit at a slower rate as a result of the finding of guilt.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Browning sets out three arguments in his petition but they all relate to whether there was sufficient evidence to find him guilty of the charged offense — having contact of a sexual nature with a visitor. Here's how Browning frames the issue in his petition: " I was accused of . . . receiving a hand job . . . A hand job means someone is being jacked off. You cannot give someone a hand job . . . through clothing. A [sic] actual hand . . .must touch, grab and wrap around the penis." DE 1 at 2.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). In other words, there must be "some evidence" in the record to support the guilty finding. *Hill*, 472 U.S. at 455. This is an exceedingly low standard of review. Indeed, the Seventh Circuit has said that "even meager proof will suffice." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Browning really doesn't dispute that he engaged in some sort of intimate touching with his wife, the visitor in question. This is hardly surprising since the event was captured on videotape. *See* DE 6-1, 6-2 and 6-3. The real issue is whether having ones penis manipulated by a visitor, albeit over the clothes, can reasonably be construed as a sexual act. The offense that Browning was specifically charged with is A114 under the Indiana Department of Corrections Adult Disciplinary Code. The offense is called "Sexual Act with a Visitor." (DE 6 at 6). Here's how the offense is defined:

> Contact of a sexual nature by an offender with a visitor including: contact between the penis and the vagina or the penis and the anus including

> penetration, however slight; contact between the mouth and the penis, vagina or anus; or penetration of the anal or genital opening of a visitor, by a hand, finger or other object. ..."

DE 6 at 6 (citing to the code). What is clear from this definition is that contact of a sexual nature between an offender and a visitor is prohibited. To illustrate what is meant by the phrase "contact of a sexual nature," the drafters of the provision chose to provide specific examples of prohibited behavior. But it is also clear that those examples are illustrative not exhaustive. We know this because the provision in question, after defining the offense, employs the open ended word "including." This is a signal that what follows are examples of prohibited conduct, but what is prohibited is not limited to the examples.

So, was there evidence that Browning had "contact of a sexual nature" with a visitor? According to the Report of Disciplinary Hearing Video Evidence Review form, here's what was seen on the video: "At approx. 2:54 pm offender Browning un does [sic] his pants while Ms. Browning leans over and grabs his crotch area. They try to hid [sic] what is going on, but she is stroking his penis and also kisses him. You can she she [sic] is giving him a hand job." DE 6-3. Even if I accept Browning at his word that this was touching "through the clothing," it sure sounds like contact of a sexual nature to me. In all events, it readily meets the "some evidence" standard that governs review in these types of cases.

Browning argues in a supplement to his petition that perhaps he should have been charged with some other offense like "Unauthorized contact" in violation of

Section 473 of the Adult Disciplinary Code. *See* DE 3. It may well be that Browning violated other prison rules, but that is not for me to decide. The only issue is whether there was some evidence that he violated the provision that he was charged with, and there is.

If Browning wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Tavares Browning's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on November, 26, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT